**Eduardo YGLESIAS, Plaintiff–Appellant,**

v.

**CITY OF DEARBORN; Dearborn Police Officer David Hadder and Sergeant Brock, Defendants–Appellees.**

**No. 01–1887.**

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 2002.

Before KEITH and DAUGHTREY, Circuit Judges, and KATZ,* District Judge.

PER CURIAM.

The plaintiff, Eduardo Yglesias, appeals from the district court's grant of summary judgment to the City of Dearborn and two Dearborn police officers on Yglesias's claim that the defendants unreasonably arrested him in violation of his rights protected by the Fourth and Fourteenth Amendments to the United States Constitution. We find no error and affirm.

The record indicates that on November 26, 1997, police officers from Chesterfield Township, Michigan, stopped Eduardo Yglesias for a traffic violation. In the course of the stop, the officers discovered that the plaintiff had at least four outstanding warrants issued against him—two warrants for violations in the city of Detroit and two warrants for misdemeanors committed in Dearborn. Based upon the Dearborn charges of misdemeanor domestic violence and a noise violation involving a loud party, the officers further detained and eventually arrested the plaintiff.

Because Yglesias contends that the noise violation charge was improper, he claims that his arrest for not appearing in court on that warrant was not constitutionally valid. Specifically, in a complaint filed pursuant to 42 U.S.C. § 1983 against the City of Dearborn and the Dearborn officers who signed the noise violation warrant, the plaintiff insists that he was not at the address listed on the warrant (his mother's home) at the time of the offense, that he had no ownership interest in the residence, that he was not responsible for the gathering that generated the nuisance, and that he had not personally been given notice of either the violation or the order to appear in court. The district court concluded, however, that no constitutional violation occurred in this instance because at least one of the outstanding Dearborn warrants, the warrant for failing to comply with conditions of probation following a guilty plea to the domestic violence charge, was not subject to legitimate challenge by Yglesias. The court thus ruled that the Chesterfield Township arrest was proper

---

* The Hon. David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

and granted summary judgment in favor of the defendants.

It is important to note that Yglesias's challenge to his November 1997 arrest in Chesterfield Township is not based upon an allegation that the *Chesterfield* police officers committed any constitutional violation in stopping him for a traffic offense. Rather, the plaintiff's lawsuit alleges that the stop and seizure in November infringed Yglesias's Fourth and Fourteenth Amendment rights because it was based upon improper information regarding the noise violation that had been entered into Michigan's Law Enforcement Information Network (LEIN). According to Yglesias, had *Dearborn* police officers not served an arrest warrant in August 1997 for the noise violation without any evidence of the plaintiff's complicity or responsibility for the nuisance, no seizure of his person would have occurred after the November traffic stop.

Regardless of the propriety of the entry of the noise violation information into LEIN, Yglesias's name would still have been flagged for the Chesterfield police upon his stop for the November traffic violation. The testimony before the district court in this matter was undisputed that the plaintiff also had an outstanding warrant in Dearborn for his failure to comply with the conditions of probation imposed upon him after his entry of a guilty plea to a charge of misdemeanor domestic violence. Yglesias does not contest the fact that the information regarding the domestic violence warrant was entered into LEIN and would have justified his detention after the traffic citation. Instead, he contends that the domestic violence information was entered into the computer network only after information about the noise violation became known

and that the domestic violence warrant somehow "had no independent existence."

Contrary to Yglesias's speculation, however, Sheila Alvis, the plaintiff's probation officer for the domestic violence charge, swore in an affidavit that she filed a show cause order with the court to explore Yglesias's failure to comply with his probation conditions and that she "would have filed the Motion and Order to Show Cause even if a ticket had not been issued to Mr. Yglesias, Sr. for violation of the noise ordinance." Upon the plaintiff's failure to appear in court for the show cause hearing on November 12, 1997, a warrant was issued for his arrest; thus, a warrant would have appeared in the Michigan crime computers on November 26, 1997, when Yglesias was stopped for the traffic violation, regardless of whether the noise violation warrant was also pending at the time.

Consequently, even if the plaintiff were able to establish a constitutional violation related to the noise disturbance arrest, that violation did not affect the actions ultimately taken by the Chesterfield police on November 26, 1997. The district court, therefore, did not err in determining that no genuine issue of material fact prevented entry of judgment in favor of the defendants in this matter.

For these reasons, we AFFIRM the judgment of the district court.